# UNITED STATES DISTRICT COURT

## CIVIL ACTION COVER PAGE

### Case Number  26-cv-34-jdp

**Plaintiff:** Matthew Lecher
**Defendants:** Brad Borges; Brandy Madison; Brent Madison; Lisa Coniglio; Jeremy Phinney; Steve Konitzer; Michelle Konitzer; John/Jane Does 1–10

**Nature of Action:** Federal Civil Rights Action (42 U.S.C. §§ 1983, 1985)
**Jurisdiction:** 28 U.S.C. §§ 1331, 1343
**Venue:** Proper in this District

**Amount in Controversy:** $490,000,000 (Four Hundred Ninety Million Dollars)(70X07)

**Relief Sought:** Declaratory relief, injunctive relief, compensatory damages, punitive damages, costs, fees, and any other relief deemed just and proper by the Court.

---

## CIVIL RIGHTS COMPLAINT

**Plaintiff:** Matthew Lecher

**Defendants:** Brad Madison; Brandy Madison; Brent Madison; Lisa Coniglio; Jeremy Finney; Steve Conitzer; Michelle Conitzer; and John/Jane Does 1–10 (unknown participants)

---

### I. JURISDICTION AND VENUE

1. This action arises under the Constitution and laws of the United States, including **42 U.S.C. §§ 1983 and 1985**, and related federal statutes. Jurisdiction is proper under **28 U.S.C. §§ 1331 and 1343**. Venue is proper in this District because the events described occurred within this District.

### II. PARTIES

2. **Plaintiff Matthew Lecher** is an adult resident of Wisconsin.
3. **Defendants** are individuals who, acting individually and in concert, engaged in conduct described below. Certain defendants acted under color of law and/or in joint action with

persons acting under color of law. The true names of John/Jane Does are presently unknown.

## III. FACTUAL ALLEGATIONS

4. **Timeframe.** Beginning on or about **May 15, 2024**, and continuing for approximately **nineteen (19) months**, Plaintiff experienced persistent harassment, intimidation, and severe emotional distress.
5. **Course of Conduct (as perceived).** Plaintiff repeatedly perceived verbal taunts, threats, and ridicule directed at him, including statements such as "snitches get stitches" and encouragement to misuse controlled substances. Plaintiff further perceived intrusions that caused acute distress and fear in public settings.
6. **Alleged Non-Consensual Auditory Intrusions (as experienced).** Plaintiff experienced persistent auditory intrusions that he perceived as externally generated and not under his control. Plaintiff alleges that these experiences were inflicted **without his consent** and caused **severe emotional duress**, loss of privacy, and inability to have private thoughts. Plaintiff references, for notice purposes only, publicly discussed concepts sometimes referred to as "voice-to-skull" or similar technologies, which Plaintiff understands to have been discussed historically since the 1970s. Plaintiff pleads these allegations **as his experiences and beliefs**, without asserting technical proof at this stage.
7. **Locations.** Incidents occurred in multiple locations, including a public library, a taxi, and a laundromat.
8. **Impact.** The conduct caused substantial emotional distress, fear of leaving Plaintiff's residence, loss of dignity, disruption of daily functioning, sleep disturbance, anxiety in public, and fear of being falsely implicated in criminal activity.
9. **Requests to Stop.** Plaintiff repeatedly asked that the conduct cease and sought explanations. On occasion, Plaintiff was told the conduct was "just kidding," which minimized his distress and did not resolve the situation.
10. **Religious Burden (as experienced).** Plaintiff experienced distress and conflict with sincerely held religious beliefs as a result of statements and themes directed at him, which he perceived as burdensome to his free exercise of religion.
11. **Reports to Authorities.** Plaintiff made **numerous complaints and requests for assistance** to the **Viroqua Police Department**, the **Vernon County Sheriff's Department**, the **Federal Bureau of Investigation (FBI)**, and the **Department of Justice (DOJ)**. Plaintiff also contacted the Governor of Wisconsin
12. **Perceived Failure to Investigate.** Despite repeated reports, Plaintiff **believes and alleges** that the FBI did not adequately investigate his complaints. Plaintiff further believes that this perceived inaction allowed the conduct and resulting harm to continue for nearly nineteen months.
13. **Documentation.** Plaintiff documented his experiences with medical providers, Probation and Parole Community Corrections, and through electronic records.

## IV. CLAIMS FOR RELIEF

**Count I – Deprivation of Civil Rights (42 U.S.C. § 1983)**

13. Defendants, acting under color of law and/or in concert with those acting under color of law, deprived Plaintiff of rights secured by the Constitution, including due process and equal protection, causing damages.

### Count II – Conspiracy to Interfere with Civil Rights (42 U.S.C. § 1985)

14. Defendants conspired to intimidate, harass, and injure Plaintiff, resulting in the harms described.

### Count III – Statutory Notice (Referenced Federal Statutes)

15. For notice purposes only and without asserting criminal adjudications, Plaintiff references statutes implicated by the alleged conduct, including **18 U.S.C. §§ 113, 2340A, 2261A, 2511, 875, and 1512**.

## V. DAMAGES

16. Plaintiff suffered emotional distress, fear, humiliation, loss of enjoyment of life, and other damages to be proven at trial.

## VI. PRAYER FOR RELIEF

17. Plaintiff respectfully requests that judgment be entered in his favor and against Defendants as follows:

a. **Declaratory relief** declaring that Defendants' actions violated Plaintiff's constitutional and civil rights;
b. **Injunctive relief** prohibiting Defendants from further harassment, intimidation, or interference with Plaintiff's rights;
c. **Compensatory damages** in an amount to be determined at trial;
d. **Punitive damages** sufficient to punish and deter similar conduct;
e. **Total monetary relief in the amount of $490,000,000**, jointly and severally, or such other amount as the Court deems just and proper;
f. **Costs of suit, attorneys' fees**, and litigation expenses as permitted by law; and
g. Any additional relief the Court deems equitable and just.

## VII. JURY DEMAND

18. Plaintiff demands a trial by jury on all issues so triable.

---

**VERIFICATION**

I declare under penalty of perjury pursuant to **28 U.S.C. § 1746** that the foregoing is true and correct to the best of my knowledge.

Date: _01/05/2026_____

Signature: _Matthew K. Lecher_ *[signed]*

Matthew Lecher

Address: __1103 delbean street, Viroqua, Wisconsin 54665_____

Phone/Email: _matthewlecher2025@gmail.com_

(608) 639-0638_____