IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MATTHEW LECHER,

                    Plaintiff,

    v.

BRAD BORGES, BRANDY MADISON,
LISA CONIGLIO, JEREMY PHINNEY,
STEVE KONITZER, MICHELLE KONITZER,
JOHN/JANE DOES 1-10, and
FEDERAL BUREAU OF INVESTIGATION,

                    Defendants.

ORDER

26-cv-34-jdp

---

Plaintiff Matthew Lecher, proceeding without counsel, alleged that he is being subjected to "persistent auditory intrusions" through the use of "voice to skull" or other technologies. Dkt. 1, at 2. I dismissed the case because Lecher's allegations were fantastical and thus factually frivolous. Dkt. 5. Lecher has filed a notice of appeal and a motion for leave to proceed without prepayment of the entire appellate filing fee, also known as "in forma pauperis" status, Dkt. 7 and Dkt. 8.

A party is ineligible for in forma pauperis status on appeal if the appeal is "not taken in good faith." 28 U.S.C. § 1915(a)(3); *see also* Fed. R. App. P. 24(a)(3). An appeal is taken in good faith if "a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000). Lecher's appeal is not in good faith; no reasonable person could suppose that I was incorrect in dismissing his lawsuit as factually frivolous.

That means that Lecher cannot proceed with this appeal without prepaying the $605 filing fee unless the court of appeals gives him permission to do so. Under Federal Rule of Appellate Procedure 24, Lecher has 30 days from the date of this order to ask the court of

appeals to review this order. Lecher must include with his motion a copy of his affidavit of indigency and a copy of this order.

Lecher also moves for a temporary restraining order against defendants to "freeze all funds traceable to" a winning lottery ticket that Lecher claims to have been taken from him by defendants. Dkt. 11, at 2. I will deny this motion because Lecher's new allegations are unrelated to his claims in the case, and in any event there is no reason to think that he faces irreparable harm absent an injunction; money damages would suffice to make him whole. *See, e.g., Orr v. Shicker*, 953 F.3d 490, 502 (7th Cir. 2020).

## ORDER

IT IS ORDERED that:

1.  Plaintiff's motion for leave to proceed without prepayment of the entire appellate filing fee for his appeal, Dkt. 8, is DENIED.

2.  Plaintiff's motion for temporary restraining order, Dkt. 11, is DENIED.

Entered March 30, 2026.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

2